{¶ 28} I respectfully dissent.
 {¶ 29} Although the statutory speedy trial provisions are not controlling in juvenile cases, they, nonetheless, can be looked at for comparative purposes when determining whether a juvenile offender was brought to trial within a reasonable period of time. Pursuant to Ohio's speedy trial statute, a defendant charged with a minor misdemeanor "shall be brought to trial within thirty days after the person's arrest or the service of summons." R .C. 2945.71(A). In this case, Appellant did *Page 12 
not receive a hearing for more than six months after he was cited for reckless operation of a motor vehicle. As cited in the majority opinion, courts have held that when an accused is charged with a felony, delays approaching one year are "presumptively prejudicial" under theBarker test. Doggett v. United States (1992), 505 U.S. 647, 652, fn. 1. Under R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." Using the reasoning in Doggett as a guideline, when a person charged with a minor misdemeanor is not brought to trial within thirty days, the delay would be "presumptively prejudicial" under theBarker test.
 {¶ 30} Given the fact that in this case Appellant was charged with a minor misdemeanor and there was no justification on the record for the six-month delay in holding his hearing, I feel that the delay was unjustified. Therefore, I would reverse the trial court's decision. *Page 1